9912

KYKER v. SMITH.

(96 S. E. 256.)

1. EVIDENCE—MEMORANDUM—CONCLUSIVENESS.—To recover price of carload of hogs sold, it was not necessary for plaintiff to introduce memorandum of sale in evidence, so that variance between memorandum and plaintiff's testimony was immaterial.

2. PARTNERSHIP — DIRECTION OF VERDICT — EVIDENCE. —Where plaintiff testified his partner had no interest in account sued on, Court properly denied defendant's motion for directed verdict on ground suit was brought in plaintiff's name and that testimony showed account belonged to partnership, while under Code only real party in interest can sue.

Before PEURIFOY, J., Abbeville, Spring term, 1917. Affirmed.

Action by J. M. Kyker against Enoch Smith. From judgment for plaintiff, defendant appeals.

*Messrs. Graydon & Graydon,* for appellant, submit: *It was error in the Court to refuse to direct a verdict in favor of defendant, when it appeared from plaintiff's testimony*

*that the account sued on was the joint property of one
Ferguson, and plaintiff:* Code of Procedure, sec. 160; 78 S.
C. 302; 106 S. C. 495. *There being no dispute as to the
facts which showed that the matter involved was a partner-
ship transaction, the Judge should have construed the testi-
mony, and not have left the question to the jury:* 75 S. C.
105; 145 U. S. 611-620; 68 S. C. 9; 68 S. C. 198.

*Mr. D. H. Hill,* for respondent, cites: *As to the admission
in evidence of a memorandum of the transaction made by
a third party:* 47 Cal. 294; L. R. A. 521. *As to the admis-
sion of testimony purely cumulative or irrelevant:* 72 S. C.
120; 63 S. C. 571; 72 S. C. 350; 76 S. C. 275; 75 S. C.
116; 75 S. C. 129; 75 S. C. 334; 75 S. C. 201. *As to the
refusal of the motion for a directed verdict for defendant:*
44 S. C. 316; 21 S. C. 93; 99 S. C. 421. *The question of
partnership was purely a matter for the jury:* 68 S. C. 8;
52 S. C. 84.

July 2, 1918.

The opinion of the Court was delivered by MR. CHIEF
JUSTICE GARY.

This is an action to recover the sum of $496.23, the
alleged price of a carload of hogs, which the complaint
alleges were sold by the plaintiff to the defendant, but
which he alleges were taken by him to be sold for the best
advantage possible, and the money, after paying expenses,
turned over to the plaintiff. The defendant also alleges
that the hogs were diseased, and that he only realized the
sum of $100 from the sale of them, which sum he was
willing to pay to plaintiff.

The plaintiff offered to introduce in evidence the follow-
ing instrument of writing:

M. E. Smith in account with Ferguson Bros. Stock Yard,
T. M. Ferguson, Mg'r. J. M. Kyker, Bluff Road, near

Union Depot. * * * Jan. 4, 1915.   To 51 hogs, 6,015, at
8¼, $496.23.

The defendant's attorney objected to the introduction of
the writing, on the grounds that: "It purports to be a bill
made out by some third party, and turned over to the plain-
tiff.   He does not know whether it is correct or not.   It is
not made out at Mr. Smith's direction."

The testimony tends to show that the defendant was
present and had notice of the form in which the memoran-
dum was prepared.   He does not claim that he was misled
in any respect.   The plaintiff testified that he sold the hogs
to the defendant, at the price named in the complaint; that
the defendant had refused to pay for them; that the account
was still due and owing; and that the hogs were free from
disease.

It was not necessary for the plaintiff to introduce the
memorandum in evidence, in order to recover the
price of the hogs; and the variance between the
memorandum and the plaintiff's .testimony was
immaterial.

The record contains the following statement: "Plaintiff
closed his case.   The defendant moved to direct a verdict,
on the ground that the suit was brought in the name of
Kyker; but the testimony showed that the account
belonged to Kyker and Ferguson, that it was a part-
nership matter, and that under the Code only the real
party in interest could sue.   The defendant, therefore,
asked the Court to direct a verdict in his favor.   The Court
ruled as follows: I think that the motion cannot be sus-
tained, for the reason that the witness testified that Mr.
Ferguson had no interest in the account, that he owned it,
and that the money was owing to him.   While he did say
that he was in partnership with him, he went on to say:
I don't remember his exact words, but he testified that the

money was owing to him and that Mr. Ferguson had no interest in it, but I shall charge the jury with reference to that matter, as to whether or not he owned it, and it is a question of fact for them to determine."

The reasons assigned by his Honor, the presiding Judge, in refusing the motion, are satisfactory to this Court.

Affirmed.